UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE B. GREINER, a single woman,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON WALL, a special agent for Criminal Investigation, a department of the Internal Revenue Service, in his individual capacity; and TEN UNKNOWN AGENTS<br><br>Defendants. | Case No.<br><br>*BIVENS* COMPLAINT |

Plaintiff in the above-captioned action alleges as follows:

### I. JURISDICTION

1.1   This is a civil action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  The Court has subject matter jurisdiction pursuant to the U.S. Const. Art. III, § 2, and 28 U.S.C. §§ 1331 and 2201.

### II. PARTIES AND VENUE

2.1   Plaintiff June B. Greiner ("Greiner") is an 81 year old single woman who, at all material times, resided alone in her home located 15112 NE 30th Avenue, Vancouver, Clark County, Washington ("Home").

/ / /

*BIVENS* COMPLAINT - 1
GREG04-000005 - 938247.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

2.2  Defendant Cameron Wall ("Defendant Wall") was at all material times a special agent for the Department of the Treasury, Internal Revenue Service, Criminal Investigation.

2.3  The other Defendants are unknown individuals or law enforcement agents who the Plaintiff has some reason[1] to believe may have been federal, state or local law enforcement agents for the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation, the Clark-Vancouver Regional Drug Task Force, the Clark County Sheriff's Office, the Vancouver City Police Department, the Washington State Patrol, the United States Drug Enforcement Administration, the United States Secret Service, the Federal Bureau of Investigation, the United States Marshals Service and/or the United States Department of Homeland Security, hereinafter referred to as "Ten Unknown Agents."

2.4  Defendants are collectively referred to herein as Defendants.

2.5  Venue is proper in the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391.

### III. FACTUAL ALLEGATIONS

3.1  Ms. Greiner reasserts all preceding allegations as if fully set forth herein.

**Summary**

3.2  On the morning of December 17, 2013, the Defendants busted down the front door of 81-year-old Greiner's Home to execute a warrant that only authorized them to search and seize documents. Despite knowing that Ms. Greiner was not a suspect in the crimes that they were investigating, the Defendants failed to properly knock or announce their purpose. They instead chose to forcibly bust through Greiner's front door with ramming equipment—all the while Greiner was reading her morning newspaper over a cup of coffee at her kitchen table located approximately 35 feet from

---

[1] Despite demand, the various individuals who invaded the Plaintiff's home have refused to identify themselves and so the Plaintiff has not been able to identify all of those who she believes were involved.

BIVENS COMPLAINT - 2
GREG04-000005 - 938247.doc



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

her front door. Defendants busted through Ms. Greiner's front door so violently and without warning that she thought her home was being burglarized. But before she could talk to the 9-1-1 dispatcher, one of the Defendants grabbed the phone from Greiner's trembling hand to advise that they were with law enforcement. The search warrant was issued as part of a criminal investigation of a man who had rented a room from Ms. Greiner eight (8) years earlier. At no time was there ever an allegation of wrongdoing on Greiner's part or that there was any concerns that she would seek to destroy the documents absent a forcible entry into her home to serve the warrant. No exigent circumstances existed to warrant such brute and terrorizing force. As a result of Defendant's actions, Greiner has unsurprisingly been diagnosed with post-traumatic stress disorder.

**Officers busted down Ms. Greiner's door without Knocking & Announcing**

3.3     On December 17, 2013, at approximately 8:00 a.m., Ms. Greiner was enjoying a quiet morning, drinking coffee and reading the newspaper at her kitchen table. She was suddenly startled by a loud crashing noise coming from the area of her front door. It sounded as though someone had thrown a large, heavy rock against her door.

3.4     Alarmed, Ms. Greiner went to investigate what was happening. Ms. Greiner's kitchen table is only about 35 feet from her front door. When she neared her front door, she could see, through the window panels, several large men huddled around the front door as though they were trying to figure out how to break in. She could hear some muffled voices talking amongst themselves. Scared that she was the victim of a home invasion robbery, Ms. Greiner ran back to the dining area to dial 9-1-1.

3.5     While retreating to call 9-1-1, Ms. Greiner heard a large crash as the invaders completely busted through her front door. As she attempted to reach her phone, Ms. Greiner heard and felt heavy and fast-approaching footsteps chasing her into

BIVENS COMPLAINT - 3
GREG04-000005 - 938247.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

the kitchen as she tried desperately to get to the phone. Before she could dial 9-1-1, a man, later identified as Special Agent Cameron Wall, then grabbed the phone out of Ms. Greiner's hand to prevent her from making the call. It was not until then that Ms. Greiner became aware that the home invaders were claiming to be law enforcement. Despite having good hearing and being very alert, Ms. Greiner never heard anyone announce their identity or purpose for being at her house. She never heard anyone knock at her door or ring her working doorbell. She only heard men mumbling amongst themselves and then heard the breaking down of her door as she was trying to summons help. This all took place over the span of just a few seconds.

**"We thought you were downstairs and wouldn't hear us."**

3.6     The officers tried to get Mr. Greiner to calm down by having her sit down at her table. Defendant Wall appeared to be in charge of the search. Despite having just broken down her front door to get into her home, Wall asked Ms. Greiner to sign a consent to search form, despite her obvious shock and anxiety.

3.7     When Ms. Greiner asked why the officers had not simply knocked or rang her doorbell, one of the officers stated "we thought you were downstairs and wouldn't hear us."

3.8     In fact, Ms. Greiner was not downstairs at the time Defendants busted through her door and, upon proper identification and presentation of the search warrant, would have calmly opened her home to the officers to allow them to conduct their search. There was simply no good reason for the officers to have done a forcible entry into her home.

3.9     In fact, had Ms. Greiner been downstairs, she would have heard a knock or doorbell ring and would have responded to the door. Ms. Greiner has lived in her home for many years and cannot recall an experience where she was unable to hear an appropriate knock or doorbell ring, even while downstairs.

*BIVENS* COMPLAINT - 4
GREG04-000005 - 938247.doc



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

3.10   Defendants intentionally failed to knock and announce their purpose in order to forcibly enter Ms. Greiner's Home. The fact that the Defendants were only seeking records exacerbates the circumstances surrounding the execution of this warrant.

3.11   In addition to not having a good reason to believe that breaking into the home was necessary, the Defendants failed to give Ms. Greiner sufficient time to ascertain who was at her door, and their purpose for being there, prior to violently knocking down her front door and terrorizing her.

3.12   Defendants even failed to immediately announce themselves once they were inside the Home. They instead chose to wait until they were grabbing the phone out of her frightened hand to identify themselves as the "good guys."

3.13   In fact, Defendants failed to provide any reasonable basis for dispensing with the knock and announce requirements of 18 U.S.C. § 3109, the Fourth Amendment to the United States Constitution and the common law as established by the courts. The best available excuse they could offer to the Plaintiff was their hunch that Ms. Greiner was downstairs and would not hear their knocking.

**Search Warrant was for documents only.**

3.14   Defendants' search of Ms. Greiner's Home was pursuant to a Search and Seizure Warrant executed December 16, 2013 by U.S. Magistrate Judge David Christel ("Warrant").

3.15   The Warrant authorized Defendants to search for certain records located throughout Ms. Greiner's Home. While the Warrant did not limit the scope of the search to any particular area of the Home, it did not note any exigent circumstances.

3.16   There was also no evidence that the 81 year old Ms. Greiner possessed any incriminating evidence, or that the evidence sought was of a kind which could be easily destroyed.

BIVENS COMPLAINT - 5
GREG04-000005 - 938247.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

3.17    There was also no evidence indicated that knocking and announcing would not work or that the delay would place any of the evidence at risk. In fact, Defendants believed that Ms. Greiner was home alone at the time of the search.

3.18    There was also no evidence that 81 year old Ms. Greiner, an elderly single woman, posed a danger to Defendants, or even had access to weapons of any kind. How much of a risk did she really pose to these officers?

3.19    The Warrant did not authorize Defendants to wantonly bust down Ms. Greiner's front door, or to dispense with the knock and announce rule.

**No Qualified Immunity**

3.20    Defendants actually intended, knew or reasonably should have known that their actions would violate Ms. Greiner's constitutional rights and cause property and emotional injury.

3.21    Reasonably well-trained law enforcement officers would know that Defendants' actions were unconstitutional, and that Defendants' actions would cause wanton property damages and emotional injuries. Reasonably well-trained law enforcement officers are also informed to comply with knock and announce requirements based on the Fourth Amendment to the United States Constitution, and can effectively recognize valid exceptions to the knock and announce requirements based on "exigent circumstances," none of which existed here.

3.22    The actions of Defendants constitute the type of law enforcement raid one would expect to find in a totalitarian state rather than the United States of America. If an unconstitutional raid like this can happen to an innocent elderly woman in a quiet neighborhood, it could happen anywhere.

**Key Purpose of the Knock and Announce Rule**

3.23    The key purpose of the knock and announce rule is to avoid forcible entry into a home and damage to the property that accompanies such an entry. The rule

*BIVENS* COMPLAINT - 6
GREG04-000005 - 938247.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

is deeply rooted in American heritage and "should not be given grudging application." *Miller v. United States*, 357 U.S. 301, 318 (1958).

3.24  Had Defendants simply knocked and announced their purpose—pursuant to their constitutional, statutory and common law obligations—Ms. Greiner would have come to the door and voluntarily let Defendants in to execute the Warrant. If such had been the case, none of the property or emotional damages described herein would have occurred. The officers' conduct was unconstitutional and totally unnecessary under the circumstances.

3.25  It is clear that Ms. Greiner would have cooperated with Defendants had she been made to understand they were law enforcement, the supposed "good guys," rather than a group of burglars conspiring to break into her home. She clearly cooperated with Defendants even after they wantonly and illegally busted through her front door. She even signed a consent to search form at that time, although such consent was unnecessary given that Defendants were already in the process of executing the Warrant authorized by the Court, although the Plaintiff was in such shock that she is not sure if she really recalls having signed the form.

## IV. FIRST CAUSE OF ACTION
### Violation of the Fourth Amendment to the U.S. Constitution
(***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971))

4.1  Ms. Greiner reasserts all preceding allegations as if fully set forth herein.

4.2  Defendants' actions constitute an unreasonable search, seizure and destruction of private property under the Fourth Amendment to the Constitution of the United States.

4.3  Defendants' actions caused Ms. Greiner harm, including but not limited to, property damage and emotional distress, and she is entitled to economic damages, noneconomic damages and punitive damages. The Defendants knew or should have known of the unlawful nature of their actions.

*BIVENS* COMPLAINT - 7
GREG04-000005 - 938247.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

## V.  SECOND CAUSE OF ACTION
### Violation of the Fourth Amendment to the U.S. Constitution
### (Declaratory Judgment Act, 28 U.S.C. §§ 2201-02)

5.1   Ms. Greiner reasserts all preceding allegations as if fully set forth herein.

5.2   Defendants' actions constitute an unreasonable search, seizure and destruction of private property under the Fourth Amendment to the Constitution of the United States.

5.3   Defendant's actions caused Ms. Greiner harm, including but not limited to, property damage and emotional distress, and she is entitled to a declaratory judgment, economic damages, noneconomic damages, punitive damages, and such other and further relief as the Court deems appropriate under 28 U.S.C. § 2202.

## VI. THIRD CAUSE OF ACTION
### Violation of the Knock and Announce Rule
### (18 U.S.C. § 3109)

6.1   Ms. Greiner reasserts all preceding allegations as if fully set forth herein.

6.2   Defendants' failure to knock and announce their purpose—their failure to give Ms. Greiner a reasonable time to ascertain that the men at her door were law enforcement officials rather than the burglars she believed them to be based on their hushed voices and clear intent to forcibly bust through her front door—violated Defendants' obligations under 18 U.S.C. § 3109.

6.3   Defendant's actions caused Ms. Greiner harm, including but not limited to, property damage and emotional distress, and she is entitled to economic damages, noneconomic damages and punitive damages.

## VII.   FOURTH CAUSE OF ACTION
### Damage to Property

7.1   Ms. Greiner reasserts all preceding allegations as if fully set forth herein.

7.2   Defendants' actions amount to willful destruction of Ms. Greiner's property without lawful justification. Defendants' actions deprived Ms. Greiner of the

*BIVENS* COMPLAINT - 8
GREG04-000005 - 938247.doc

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

use of her front door for a period of several months due to the door's specialty construction.

7.3   Defendants have refused and failed to compensate Ms. Greiner for the damages they caused to her Home by busting through the front door. Defendants' actions caused Ms. Greiner harm, including but not limited to, property damage and emotional distress, and she is entitled to economic damages, noneconomic damages and punitive damages.

## VIII.   FIFTH CAUSE OF ACTION
### Emotional Distress/Outrage

8.1   Ms. Greiner reasserts all preceding allegations as if fully set forth herein.

8.2   Defendants' actions have caused severe emotional distress to Ms. Greiner. As a result, Ms. Greiner is fearful to be in her Home.

8.3   Defendants' actions caused deep embarrassment to Ms. Greiner even though she is personally innocent of any wrongdoing. This embarrassment was exacerbated by the several months it took for Ms. Greiner to have her front door replaced. Neither Ms. Greiner nor third party licensees could access the Home by way of the front door. Every time mail was delivered, 81-year-old Ms. Greiner was required to exit her Home through a different door in order to retrieve mail delivered on the front door, regardless of weather conditions, then to bring the mail into the Home through the other access.

8.4   Defendants' actions caused Ms. Greiner, a formerly devout church goer, to stop attending church services and functions in order to avoid the special attention she receives in such situations as a result of Defendants' actions.

8.5   Defendants' actions have caused Ms. Greiner to suffer from post-traumatic-stress-disorder and other conditions that are severe and constant.

## IX.   JURY DEMAND

9.1   Ms. Greiner seeks a trial by jury of all issues so triable.

BIVENS COMPLAINT - 9
GREG04-000005 - 938247.doc


LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

## X. PRAYER

WHEREFORE, Ms. Greiner prays for judgment against Defendants as follows:

1. A declaratory judgment by the Court that Defendants' actions violated Ms. Greiner's rights secured by the following:

    (a) The Fourth Amendment to the United States Constitution;

    (b) 18 U.S.C. § 3109;

    (c) The common law;

2. For judgment awarding Ms. Greiner compensatory damages against Defendants as sustained by the aforementioned causes of action in such amounts to be proven at trial and in a sufficient amount to make up for all of the harm caused by Defendants' lawless and reckless actions;

3. For judgment awarding Ms. Greiner noneconomic damages for the emotional distress caused by Defendants' actions;

4. For judgment awarding Ms. Greiner punitive damages against Defendants for their malicious, wanton, willful, reckless and knowing violation of Ms. Greiner's constitutional rights under the Fourth Amendment in an amount sufficient to deter Defendants and others from violating the constitutional rights of others, particularly while acting on behalf and in the authority of the government;

5. For judgment awarding Ms. Greiner her costs and disbursements incurred herein as authorized under any applicable law;

6. For judgment awarding Ms. Greiner her reasonable attorneys' fees incurred herein as authorized under any applicable law;

7. For judgment awarding Ms. Greiner prejudgment interest for her compensatory damages;

8. This judgment should bear interest at the highest rate authorized by applicable law from date of entry of judgment until paid in full; and

*BIVENS* COMPLAINT - 10
GREG04-000005 - 938247.doc



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

| | |
|---|---|
| 1 | 9. For such further and other relief as the Court deems just and equitable. |

DATED this 17th day of July, 2014.

    LANDERHOLM, P.S.


    */S/Bradley W. Andersen*
    BRADLEY W. ANDERSEN, WSBA #20640
    Of Attorneys for Plaintiff June B. Greiner

*BIVENS* COMPLAINT - 11
GREG04-000005 - 938247.doc



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122