HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE B. GREINER,<br><br>          Plaintiff,<br><br>     v.<br><br>CAMERON WALL, et al.,<br><br>          Defendants. | CASE NO. C14-5579 RBL<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br><br>[Dkt. # 24] |

THIS MATTER is before the Court on Plaintiff Greiner's Motion to Amend [Dkt. #24]. Greiner seeks to add as defendants ten agents whose identities were previously unknown to her, but whom she has since identified through discovery.

Defendant Wall opposes amendment, arguing that Greiner waited too long to learn of the agents' identities and to seek to add them as defendants. He does not directly claim any prejudice in the delay, but suggests that the delay could have been avoided and objects to "having a lawsuit hanging over his head" in the meantime.

Under Federal Rule 15, a party may amend its pleading once within 21 days of service or 21 days after a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Beyond that, a party may amend only with written consent from the opposing party or

leave of the court. Fed. R. Civ. P. 15(a)(2). A court should grant leave "freely . . . when justice so requires," and that policy is "to be applied with extreme liberality." *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). That standard— "freely when justice so requires"—might be thought a touch ambiguous. Thus, the Supreme Court has advised lower courts to consider undue delay, bad faith, dilatory motives, repeated failures to cure deficiencies, futility, undue prejudice, for any other factor it deems important to the calculus. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has repeatedly clarified that prejudice must weigh most heavily in the determination. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). Indeed, prejudice is the "touchstone of the inquiry under rule 15(a)." *Id.* (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice")).

Greiner has explained the delay, and Wall has not demonstrated any undue prejudice from having the new defendants added to the case. The Motion to Amend is GRANTED. The amended complaint attached to the Motion [Dkt. #24-1] should be FILED within 10 days of this Order, and served in due course.

IT IS SO ORDERED.

Dated this 18th day of August, 2015.

Ronald B. Leighton
United States District Judge

[DKT. # 24] - 2