1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

June B. Greiner,

9

                        Plaintiff,

10

            v.

11

Cameron Wall, et al.,

12

                        Defendants.

13

CASE NO. C14-5579-RBL

ORDER GRANTING LEAVE TO
AMEND, DENYING MOTIONS TO
COMPEL AND FOR SANCTIONS,
AND STRIKING DEADLINES

DKT. #72, 78, 79

14        THIS MATTER is before the Court on Plaintiff Greiner's Second Motion to Amend the

15    Complaint [Dkt. #72], First Motion to Compel Discovery and to Impose Sanctions [Dkt. #78],

16    and Second Motion to Compel Discovery and to Impose Sanctions [Dkt. #79]. Greiner alleges

17    that the individually named Defendants, Internal Revenue Service Criminal Investigation and

18    Department of Homeland Security Investigations Special Agents, failed to knock and announce

19    before entering her home during *execution* of a search warrant. This case is nearly two years old

20    with a trial date less than two months away, yet, discovery disputes pervade.

21        Greiner asks the Court for leave to amend her complaint (a second time) to identify

22    trainings and policies that the Special Agents allegedly failed to follow when obtaining and

23    executing the search warrant. Defendants ask the Court to deny her request, arguing any new

24

1   claims would cause undue delay, would unfairly prejudice them, and would be futile. "[T]he

2   claims against the individual defendants would be dismissed based on qualified immunity and

3   the claims against the United States would be barred …." *See* Dkt. 75 at 15. Greiner argues that

4   it would be premature for the Court to examine the merits of her arguments because she proposes

5   only to add facts supporting existing, plausible claims.

6          Trial courts should freely grant leave to amend "when justice so requires." Fed. R. Civ.

7   Pro. 15(a)(2). Courts consider the presence or absence of undue prejudice to the opposing party,

8   undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous

9   amendments, and futility of the proposed amendment. *See U.S. ex rel. Lee v. SmithKline*

10  *Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001). These factors are not given equal weight, as

11  futility alone can justify denial of a motion for leave to amend. *See id.* (citing *Bonin v. Calderon*,

12  59 F.3d 815, 845 (9th Cir.1995)). "[A] proposed amendment is futile only if no set of facts can

13  be proved under the amendment to the pleadings that would constitute a valid and sufficient

14  claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (referencing 3

15  J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974) (proper test to be applied when

16  determining the legal sufficiency of a proposed amendment is identical to the one used when

17  considering the sufficiency of a pleading challenged under Rule 12(b)(6))).

18         Balancing these factors indicates that justice requires the Court grant Greiner leave to

19  amend her complaint. Permitting leave to amend so close to trial will unduly prejudice the

20  Defendants, unless trial is delayed. But, the Defendants have not identified a bad faith or dilatory

21  motive, and Greiner has amended her complaint only once before. Also, her proposed

22  amendments are not futile: Her claims that the Special Agents' actions violated her Fourth

23  Amendment rights by unreasonably searching her home in a manner that violated IRS trainings

24

1   and policies and that the Government is liable for the Special Agents executing the search

2   warrant in a manner that violated IRS trainings and policies and damaged her property are

3   facially plausible. Accordingly, Greiner's Second Motion to Amend the Complaint [Dkt. #72] is

4   GRANTED. She may file the Updated Second Amended Complaint. *See* Dkt. #76-1.[1]

5       Defendants request additional time to conduct discovery into Greiner's newly asserted

6   claims, to obtain expert witness opinions, and to present dispositive motions. *See* Dkt. #75 at 15.

7   Greiner objects to a continuance. Because the proposed amended complaint not only newly

8   alleges that the Defendants violated IRS trainings and policies in executing the search warrant,

9   but also in *obtaining* it, the Defendants request for additional time is warranted. Indeed, they

10  would be prejudiced otherwise.

11      Therefore, the Scheduling Order [Dkt. #34] is STRICKEN. Trial is RESCHEDULED for

12  the Court's earliest available date, Monday, December 12, 2016. The Clerk will issue a new

13  scheduling order, setting forth the discovery and motions deadlines. If the parties have any

14  insurmountable conflicts, they may email Jean Boring, Courtroom Deputy.

15      Greiner also asks the Court to compel Defendants to produce any documents involving

16  Special Agent Gino's and the Department of Homeland Security's roles in obtaining and

17  executing the search warrant. Defendants reasonably objected to these discovery requests.

18  Moreover, they contend that they will provide additional relevant discovery after Greiner amends

19  her complaint. Therefore, Greiner's First and Second Motions to Compel Discovery and to

20  Impose Sanctions [Dkt. ##78 and 79] are DENIED without prejudice.

21      >

22

23  _____

24  [1] Greiner's Motion [Dkt. #76] requesting that the Court strike Defendants' Response
    because it exceeds twelve pages is DENIED as moot.

1    IT IS SO ORDERED.

2    Dated this 14th day of April, 2016.

3

4    _____

5    Ronald B. Leighton
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24