HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE B. GREINER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAMERON WALL, et al.,<br><br>　　　　　　Defendants. | CASE NO. 3:14-cv-05579-RBL<br><br>ORDER ON DEFENDANTS'<br>MOTION FOR SUMMARY<br>JUDGMENT<br><br>DKT. #83 |

THIS MATTER is before the Court on the Defendants' Motion for Summary Judgment[1] [Dkt. #83]. It involves the execution of a search warrant by special agents from the United States Department of Homeland Security ("DHS") and the Internal Revenue Service.

Greiner is an octogenarian woman living in Vancouver, Washington. The DHS and IRS believe she unknowingly bought her home on behalf of an alleged money launderer, Jason Hagen. During their investigation, special agents obtained and executed a search warrant at Greiner's home to search for evidence of Hagen's money laundering. The agents claim they

---

[1] The Defendants' motion is captioned "Motion to Dismiss," but it expressly asks the Court to determine whether the individual officers are entitled to qualified immunity and judgment as a matter of law.

ORDER - 1

knocked on Greiner's door and announced their presence and that Greiner refused to let them in. They used a "ram" to open the door and execute the warrant.

Greiner sued. She claims the agents did not "knock and announce" before forcing their way into her home, in violation of her Fourth Amendment rights (and in violation of the federal "knock and announce" statute). Greiner's evidence in support of this claim consists entirely of her claim that she did not hear anything resembling a knock and announce; instead, she heard one loud crash followed by the sound of men murmuring at her door. She suspected burglars. She checked her entryway, saw a group of men huddled around her door, turned, and retreated into her kitchen to call 9-1-1.

The individual defendants seek summary judgment on these claims. They argue that there is no evidence supporting Greiner's claim that they did not knock and announce, and that her claim she did not hear it is not enough to survive summary judgment in the face of "overwhelming" evidence that they *did* knock announce—including her admission that she heard "something," including "voices" and a "loud bang."

**I. FACTS**

The Department of Homeland Security Investigations ("HSI") identified Jason Hagen as one of the largest distributors of methamphetamine on an online black market known as the Silk Road. Defendant Guy Gino is an HSI Agent and an expert in narcotics-based international money laundering. Agent Gino assembled a team of agents, including IRS Agent Scott McGeachy, from multiple federal and state law enforcement agencies to investigate Hagen. During their investigation, Agents McGeachy and Gino spoke with a confidential informant that claimed knowledge of Hagen and his suspected money laundering. The informant told the agents that Hagen used Greiner to purchase real estate for him, in her name, with proceeds from

Hagen's online methamphetamine distribution. There is no evidence that Greiner was a knowing participant in the money laundering.

The agents requested and received a warrant to search for financial documents at Greiner's residence. McGeachy considered the warrant "really low key" because the evidence sought at the Greiner residence was primarily focused on financial records, and because Greiner was an innocuous risk. McGeachy asked IRS Agent Wall to lead the execution of the Greiner search warrant. Together, the agents prepared a written search warrant plan that indicated that all normal entry procedures would be conducted, including the use of a traditional knock and announce. Wall assembled a team of ten IRS agents to execute the search warrant at the Greiner residence. McGeachy and Gino did not participate in the execution of the Greiner search warrant.

The agents assert that Agent Daniels conducted the knock and announce, waited, and then noticed Greiner's presence inside the residence. The agents contend that Daniels directed Greiner to open the door. Daniels further alleges that Greiner made eye-contact with him, turned, and retreated from the door. Daniels recalls that after seeing Greiner retreat into the home, he then asked Agent Gleason to get the door ram. Both parties agree that Gleason took two swings at the door with the ram, as the first did not breach the door. After the second swing of the ram, the agents entered the home and found Greiner calling the police.

Greiner claims she believed she was being burglarized and went to check the door. Greiner contends she saw a group of large men huddled around her front door trying to break into her home. She says she made no eye-contact with any of them. She further alleges she did not hear anybody announce they were law enforcement.

She claims the initial noise she heard was the first attempt to use the ram on her front door. This, she alleges, prompted her to check the front door where she mistook the agents for

burglars. Her misapprehension prompted her retreat into the kitchen where, the agents agree, she called 9-1-1.

Greiner sued McGeachy, Gino, and all ten of the IRS agents that were assigned to execute the search warrant at her home[2]. She asserts *Bivens* claims for the agents' alleged failure to knock and announce before forcing entry into her home. She also claims that the agents violated the federal Knock and Announce Statute, 18 U.S.C. §3109. These individual defendants all seek summary judgment, arguing[3] that Greiner's claim that she did not hear the knock and announce is not enough to create a question of fact for trial.

## II. DISCUSSION

**A.     Summary Judgment**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary

---

[2] Greiner has agreed to dismiss all claims against Cole, as she called in sick and was not present during the execution of the warrant.

[3] The agents also claim that they are entitled to qualified immunity, even if they violated Greiner's constitutional rights, but their defense is not that they made a reasonable mistake; it is that there is no evidence supporting Greiner's claim that they failed to knock and announce. There is no question that the knock and announce requirement is "clearly established," and qualified immunity plays no role in this decision.

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Even viewed in the light most favorable to Greiner, the evidence does not support her claim that her Fourth Amendment rights were violated. Greiner hypothesizes that the agents departed from their agreed-upon plan to knock and announce, and broke down her door with a ram for reasons known only to them. Her story is little more than speculation. Greiner offers no other evidence other than her own testimony that she did not hear them. This on its own, is no more than a scintilla of evidence, and cannot survive summary judgment.

To be sure, Greiner attempts to create a genuine issue of material fact by alleging that she was in a position to hear a knock and announce had it actually occurred. But Greiner admits she heard *something* that prompted her to come to the door. She admits her misapprehension of the situation when she mistakenly deduced the federal agents to be burglars. She now believes the noise to have been the ram being used on her door.

Greiner claims she never heard a knock and announcement, and that this is enough to create a genuine issue of material fact for trial. But, a reasonable jury may not draw inferences from what a plaintiff does *not* observe, even where the circumstances arguably suggest that an event would have been perceived if it occurred. *Chappell v. City of Cleveland*, 585 F.3d 901, 914 (6th Cir. 2009) ("[T]he three witnesses' failure to hear the 'Cleveland Police' announcements does not refute the detectives' testimony that they in fact made several such announcements; it establishes only that the witnesses didn't hear the announcements."). Moreover, an attempt to notify by knocking and announcing complies with the statute whether or not it is heard. *U.S. v.*

1 *Moreno,* 701 F.2d 815, 817 n.3 (9th Cir. 1983), vacated on other grounds *U.S. v. Moreno*, 469

2 U.S. 913 (1984) ("[W]e do not intimate that the occupants' supposed inability to hear the

3 announcement would necessarily excuse compliance with the statute. An attempt to notify by

4 knocking and announcing complies with the statute whether or not it is heard.").

5 Greiner's entire case is based on her claim that, if the agents knocked and announced, she

6 would have heard it, but a jury cannot reasonably conjecture about what Greiner *would have*

7 heard. Even though Greiner was poised to hear police knock and announce their presence at her

8 door, her claim cannot survive summary judgment based solely on her claim that she did not hear

9 a clear knock and announce.

10 Greiner cites *Mena v. City of Simi Valley*, 226 F.3d 1031, 1041-1042 (9th Cir. 2000) to

11 argue that a dispute as to whether law enforcement knocked and announced is a triable issue of

12 fact. In *Mena*, the plaintiff argued that one of the occupants was sleeping in the bedroom nearest

13 to the front door, and was not awakened by law enforcement's alleged knock and announce. The

14 plaintiff argued that the officers did not knock and announce at all, or they did not knock loudly

15 enough to constitute adequate notice. The officers alleged they complied with the requirement.

16 The Court of Appeals affirmed the denial of summary judgment stating that, "in light of

17 [Plaintiff's] and the officers' contradictory testimony, there is an issue of fact as to whether the

18 police announced themselves before forcing entry into the [Plaintiff's] home." *Id* at 1042. But

19 the plaintiff in the *Mena* case did not purport to hear *anything*. Greiner, on the other hand, admits

20 she heard *something* that alerted her to police presence at her door. Though Greiner mistook the

21 agents for burglars, her misapprehension does not give rise to a genuine issue of fact.

22 Greiner attempts to bolster her argument by producing the additional testimony of Donald

23 Von Blaricom, a "police practices expert." Blaricom testifies that he performed a reenactment of

24

the execution of the warrant where he knocked and announced in the fashion described by the defendant agents. He further testifies that during that reenactment, Greiner had no trouble hearing the knock and announce made at her front door. A reenactment however, is just that – a reenactment. It sheds no more light on the disputed events of December 13, 2013, when the agents executed the search warrant. A reenactment merely speculates as to the truth of an event and cannot serve as evidence that survives summary judgment.

Lastly, Greiner contends that Gino and McGeachy are also responsible for the alleged violation of her Fourth Amendment rights and the knock and announce statute despite the fact that neither agent was present at the *execution* of the search warrant at her home. Greiner argues that because McGeachy and Gino were integral parts of the search warrant "process," they too are responsible for the alleged violation of the Fourth Amendment and the knock and announce statute.

In order for Greiner to assert a *Bivens* claim against McGeachy and Gino, Greiner must show that they personally participated in the alleged deprivation of Plaintiff's rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). The agents are not liable because of their membership in a group without a showing of individual participation in the alleged unlawful conduct. *Chuman v. Wright,* 76 F.3d 292, 294-95 (9th Cir. 1996). "Integral participation" in the alleged deprivation of right must be established on an individual basis. *Id*. Greiner cannot "lump all the defendants together." *Id.* She must "base each individual's liability on his own conduct." *Id*. at 295. McGeachy and Agent Gino did not personally participate in the *execution* of the search warrant at Greiner's home. They cannot be held liable for failing to knock and announce their presence. This does not necessarily preclude McGeachy and Gino from liability for the way the warrant was *issued*, but Greiner fails to establish the two agents were integral participants in

its execution. These agents' Motion for Summary Judgment on Greiner's warrant execution claim against them is GRANTED, and those claims are DISMISSED with prejudice.

### III. CONCLUSION

Even viewed in the light most favorable to Greiner, the evidence does not establish a factual issue as to whether or not the agents knocked and announced. McGeachy and Gino are also entitled to summary judgment for the additional reason that they were not integral participants in the execution of the warrant. Accordingly, Defendants' Motion for Summary Judgment on Greiner's claims against the individual agents for violations of the Fourth Amendment and the federal knock and announce statute is GRANTED, and those claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 18th day of July, 2016.

Ronald B. Leighton
United States District Judge