**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUNE B. GREINER, | No. 16-35926 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05579-RBL |
| v. | |
| CAMERON WALL, et al. | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted October 11, 2018
Seattle, Washington

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PAYNE,[**] District Judge.

June Greiner appeals the district court's grant of summary judgment on her claim for a violation of the Fourth Amendment brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Greiner's complaint alleges that

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The Honorable Robert E. Payne, United States District Judge for the Eastern District of Virginia, sitting by designation.

the defendants—nine Internal Revenue Service Special Agents ("the Agents"), who executed a search warrant at Greiner's home—failed to properly knock and announce their presence, as required by "[t]he Fourth Amendment and 18 U.S.C. § 3109." *United States v. Bynum*, 362 F.3d 574, 579 (9th Cir. 2004). The district court granted the Agents' motion for summary judgment. We vacate and remand for further proceedings.

Absent exigent circumstances, law enforcement officers must knock and announce their presence before entering the premises to be searched. *Wilson v. Arkansas*, 514 U.S. 927, 930 (1995); *United States v. Granville*, 222 F.3d 1214, 1217 (9th Cir. 2000) ("The knock and announce statute requires that an officer seeking to enter a house to execute a warrant must give notice of his purpose and authority, and he must be refused entry before forcibly entering the house."). We review de novo the district court's legal conclusion that the Agents complied with the knock and announce statute, but we review the factual findings underlying the court's conclusion for clear error. *Granville*, 222 F.3d at 1217.

As Greiner's claims were resolved against her on the government's motion for summary judgment, we view the evidence in the light most favorable to Greiner and draw all reasonable inferences in her favor to "determine whether any genuine issues of material fact remain." *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011).

According to Greiner, when the Agents came to her house, she was sitting at her kitchen table about 30 feet from her front door. Greiner heard a loud bang, after which she ran to her front door.[1] Greiner does not dispute that when she approached the front door, she could see several men standing on her front porch; she also does not dispute that she could hear them speaking amongst themselves. Though Greiner does not dispute that she could hear the men speaking, she asserts that they (1) did not audibly identify themselves as law enforcement, and (2) did not announce their purpose at that time. Greiner also testified that, if they had made such an announcement, she would have heard it, given her proximity to the front door. Worried that the men were burglars, Greiner ran back to the kitchen to call 911 when a battering ram went through her front door.[2] Only then did the Agents identify themelves and announce their purpose.

---

[1] It isn't clear from the record what caused this "loud bang," which Greiner asserts sounded like a rock hitting the side of her house. This uncertainty might ordinarily preclude a grant of summary judgment, as the "loud bang" could have been a loud knock, an attempt to breach the front door with the battering ram, or any of numerous other reasonably inferable possibilities. However, at oral argument, Greiner's counsel conceded that "the knock was there," and agreed that the Agents "did something that caused [Greiner] to go to the front door." Based on that concession we are satisfied that a "knock" occurred, and focus our attention instead to the related question of whether the officers announced their purpose and authority before forcibly entering the house. *Bynum*, 362 F.3d at 579; *Granville*, 222 F.3d at 1217.

[2] Greiner also produced a declaration from a "police practices expert" she had retained. The expert staged a reenactment of the incident and offered testimony concerning the results of that exercise. However, we agree with the

Greiner argues that her testimony is sufficient to raise a triable issue of material fact under *Mena v. City of Simi Valley*, 226 F.3d 1031 (9th Cir. 2000). In *Mena*, the officers claimed that they knocked and announced their presence before entering the plaintiff's home. *Id*. at 1042. On the other hand, the plaintiff (who had been asleep in a bedroom near the front door when the knock and announce purportedly occurred) argued that, because she hadn't been awakened, "the police either did not 'knock and announce' at all, or they did not 'knock and announce' loudly enough to constitute adequate notice." *Id.* at 1041-42. We held that, "in light of [plaintiff] and the officers' contradictory testimony, there is an issue of fact as to whether the police announced themselves before forcing entry into the Mena home." *Id*. at 1042.

Bound by the decision in *Mena*, we must agree with Greiner. In both circumstances, the plaintiff offers contradicting testimony to that of the law enforcement officers, concerning whether a verbal announcement was made before the front door was breached. In fact, Greiner's testimony seems more contradictory of the Agents' testimony than the testimony offered by the plaintiff in *Mena*, who merely predicted she would have been awakened from her sleep by the knock and announce. Because a jury could reasonably infer from Greiner's

---

district court that the reenactment "sheds no more light on the disputed events" and "merely speculates as to the truth of an event."

testimony that the Agents did not "announce[] themselves before forcing entry into [her] home," *id.*, Greiner has demonstrated a triable issue of material fact concerning whether the Agents complied with the knock and announce statute.[3]

Costs on appeal are awarded to Greiner.

**VACATED and REMANDED.**

---

[3] Our dissenting colleague disagrees, arguing that certain inconsistencies in Greiner's deposition and affidavit testimony undermine her assertion that no announcement was made prior to entry. However, Greiner has not disputed that she could hear the Agents talking when she went to the door. Though she has offered various descriptions of the volume at which they were talking, she has consistently maintained that, whatever the Agents said at that time, it did not include an audible announcement of their purpose and authority. Those inconsistencies may present fertile ground for cross-examination at trial, but they aren't particularly significant in reviewing a motion for summary judgment. Greiner's assertion, when viewed in its most favorable light, is sufficient to create a triable issue under *Mena*.