UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JUNE B. GREINER,<br><br>                Plaintiff,<br>     v.<br><br>CAMERON WALL, et al.,<br><br>                Defendant. | CASE NO. 3:14-cv-05579-RBL<br><br>ORDER DENYING DEFENDANTS' MOTION TO APPLY LAW OF THE CASE DOCTRINE AND MANDATE RULE |

**I. INTRODUCTION**

THIS MATTER is before the Court on Defendants' Motion to Apply Law of the Case Doctrine and Mandate Rule. Dkt # 146. This case involves the execution of a search warrant by special agents from the United States Department of Homeland Security and the Internal Revenue Service.

The DHS and IRS believed Plaintiff June Greiner unknowingly bought her home on behalf of a suspected money launderer, Jason Hagen. The agents obtained and executed a search warrant at Greiner's home to search for evidence of Hagen's money laundering. The agents claim they knocked on Greiner's door and announced their presence and that Greiner refused to let them in. They used a "ram" to open the door and execute the warrant.

Greiner sued, claiming the agents did not "knock and announce" before forcing their way into her home, in violation of her Fourth Amendment rights (and in violation of the federal "knock and announce" statute).

The individual Defendants moved for summary judgment. They argued that Greiner's claim that she did not hear the knock and announce is not enough to survive summary judgment in the face of "overwhelming" evidence that they did knock and announce—including her admission that she heard "something," including "voices" and a "loud bang." Greiner claimed that she did not hear anything resembling a knock and announce; instead, she heard one loud crash followed by the sound of men murmuring at her door. She checked her entryway, saw a group of men huddled around her door, turned, and retreated to call 9-1-1.

The Court granted the individual Defendants' Motion for Summary Judgment on Greiner's Fourth Amendment claim. Dkt # 119. The Court held that Greiner's evidence did not establish a factual issue as to whether the agents knocked and announced.

Greiner appealed. During oral arguments, Greiner's counsel arguably conceded to the Ninth Circuit that "the knock was there" prior to the Defendants entering Greiner's home:

> **Mr. Anderson:** [T]he issue is was there a sufficient knock and announce. Bam. Bam. Bam. Police. Warrant. Open the door. You have to have both . . . . And if I don't convince you, I, *the knock was there*. She somehow got to the door . . . .
> **Question:** But you just said they met the knock and *I'm trying to see if you agree that what occurred here was the knock.*
> **Mr. Anderson:** *I don't think they properly knocked*, but that's an inference. I think that *they did something to cause her to go to the front door that satisfies it* . . . . What they did though, is they never clearly announced . . . .

Dkt # 149 at 4–5 (emphasis added). The Ninth Circuit briefly addressed the knock in a footnote when they stated that the Plaintiff's counsel "conceded" that the knock did occur, and the court would focus instead on the Defendants' announcement:

> [A]t *oral argument, Greiner's counsel conceded that "the knock was there,"* and agreed that the Agents *"did something that caused [Greiner] to go to the front door." Based on that concession we are satisfied that a "knock" occurred,* and *focus our attention instead to the related question of whether the officers announced* their purpose and authority before forcibly entering the house.

Dkt # 139 at 3 n. 1 (emphasis added). The Ninth Circuit held that Greiner had "demonstrated a triable issue of material fact concerning whether the Agents complied with the knock and announce statute." It vacated this Court's Order and remanded the case for further proceedings. Dkt # 139 at 5.

Defendants now argue that the Ninth Circuit conclusively determined that Defendants satisfied the "knock" element of the "knock and announce" statute. They argue that this Court must accept the Ninth Circuit's "factual finding" based on the law of the case doctrine and the mandate rule. Defendants contend that the "only question remaining for trial, pertaining to liability, is whether Defendants satisfied the 'announce' portion of the Fourth Amendment and the Knock and Announce statute."[1] Dkt # 146 at 2.

Greiner argues that the law of the case doctrine does not apply because the Ninth Circuit did not make a finding of fact that the Defendants satisfied the knock element of the "knock and announce" statute. She contends that the Ninth Circuit based its decision on the announcement element of the statute and the brief consideration given to the knock element was not necessary or essential to its holding.[2] Greiner argues that the Ninth Circuit's brief discussion of the knock element is not the law of the case and is not binding on this Court.

---

[1] Defendants backup argument is that Plaintiff's counsel's statement during oral arguments that "the knock was there" is a binding judicial admission. The Defendants raised this argument in their reply brief and the Plaintiff did not have an opportunity to respond. The Court will not address this argument at this time. If the Defendants insist on pursuing this, they can re-raise the issue of judicial admissions in their motions in limine.

[2] Greiner argues that the Ninth Circuit's assumption that there was a knock, in a footnote, is not law of the case because it is dicta. The Ninth Circuit's held that there were triable issues of fact as to if the Defendants complied with the Knock and Announce statute based on the disputes of fact over the announce element. Thus, the Ninth Circuit's assumption that there was a knock could also be dicta as it was not necessary or essential to their holding.

## II. DISCUSSION

"The law of the case doctrine requires a district court to follow the appellate court's resolution of an issue of law in all subsequent proceedings in the same case." *U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186 (9th Cir. 2001). The appellate court must have decided the issue "explicitly or by necessary implication." *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012). When the appellate court makes an assumption for the purpose of resolving another issue, that assumption is not the law of the case. *See Lucas Automotive Engineering Inc. v. Bridgestone/Firestone Inc.*, 275 F.3d 762, 766–67 (9th Cir. 2001); *Continental Ins. Co. v. Federal Express Corp.*, 454 F.3d 951, 954 (9th Cir. 2006). The doctrine does not extend to issues the appellate court did not "consider and actually decide[]." *Andrews Farms v. Calcot, Ltd.*, 693 F. Supp. 2d 1154, 1164 (E.D. Cal. 2010) (citing *Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir.1995)).

The related rule of mandate requires a district court to "act on the mandate of an appellate court, without variance." *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006). However, the rule of mandate allows a district court to "decide anything not foreclosed by the mandate." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)). A district court is limited by the appellate court's remand only "when the scope of the remand is clear." *Hall*, 697 F.3d at 1067 (citing *Mendez–Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir.2006)).

The Ninth Circuit has applied the law of the case doctrine to legal conclusions and to factual findings in certain situations. *See Pit River Home and Agricultural Coop. Ass'n v. United States*, 30 F.3d 1088, 1096 (9th Cir. 1994). The doctrine typically applies to factual findings when an evidentiary hearing or trial produced those findings, or when the court previously

reviewed and adopted the factual findings. *See, e.g.*, *id.* at 1096–97; *Matthews v. NCAA*, 179 F. Supp. 2d 1209, 1218 (E.D. Wash. 2001).

A district court does not make factual findings on summary judgment. *Rand v. Rowland*, 154 F.3d 952, 957 n. 4 (9th Cir. 1998) (citing *Epstein v. MCA, Inc*., 126 F.3d 1235, 1253 n. 18 (9th Cir.1997)). The court makes findings of fact when it weighs the evidence, determines credibility, or resolves disputed factual issues; all of which are inappropriate on summary judgment. *See id.; Heiniger v. City of Phoenix*, 625 F.2d 842, 843 (9th Cir. 1980). The court's only summary judgment inquiry is whether the evidence presents a genuine issue of material fact precluding judgment as a matter of law. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986). For the same reasons, an appellate court's role is not to make findings of fact or weigh the evidence when reviewing a summary judgment order. *See, e.g.*, *United States v. Childs*, 944 F.2d 491, 495 (9th Cir. 1991).

The Fourth Amendment and the "knock and announce" statute require that an officer seeking to enter a house to execute a warrant must knock and announce their presence before entering the premises. *See* 18 U.S.C. § 3109; *United States v. Granville*, 222 F.3d 1214, 1218 (9th Cir. 2000). This Court did not weigh evidence or make findings of fact when it granted summary judgment to Defendants on Greiner's Fourth Amendment and "knock and announce" claim. And the Ninth Circuit did not make findings of fact in its de novo review of this Court's Order.

The Ninth Circuit disagreed with this Court's conclusion that no triable issue of material fact existed as to whether the Agents complied with the "knock and announce" statute because "a jury could reasonably infer from Greiner's testimony that the Agents did not 'announce[] themselves before forcing entry into [her] home.'" Dkt # 135 at 4–5. They analyzed the evidence

of an announcement, and quickly dispensed of the knock element in a footnote. The Ninth Circuit assumed that a knock occurred because of Greiner's counsel's "concession," but that assumption is not a finding of fact, and it was not necessary to reverse this Court's determination that no triable issue of fact existed as to the Defendants' compliance with the "knock and announce" statute. The Ninth Circuit did not actually decide whether a knock occurred and their assumption that it did is not the law of the case and is not binding on this Court.

The Ninth Circuit mandated that this Court hold a trial to determine if the Defendants' complied with the statute. The Ninth Circuit never instructed the Court to only conduct a trial on the announcement element of the statute. The Court is complying with the spirit and terms of the Ninth Circuit's mandate by allowing the jury to make findings on the Defendants' compliance with the entire statute.

The Court does not ask a jury to make findings on the individual elements of a statute and will not blind the jury as to part of the story. The parties will present the entire story to the jury regarding whether the Defendants' knocked and announced before entering Greiner's home. The jury will be asked to determine if the Defendants complied with the "knock and announce" statute; they will not be asked about each individual element.

//
//
//
//
//
//

### III. CONCLUSION

Defendants' Motion to Apply the Law of the Case Doctrine and Mandate Rule is DENIED.

IT IS SO ORDERED.

Dated this 7th day of November, 2019.

Ronald B. Leighton
United States District Judge