The Honorable Benjamin Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>CAMERON WALL, et al.,<br><br>             Defendants. | Case No. 3:14-cv-05579-BHS<br><br>**PLAINTIFF'S *AMENDED* PRETRIAL STATEMENT AND PROPOSED NEUTRAL STATEMENT OF THE CASE** |

Plaintiff submits the following Pretrial Statement pursuant to LCR 16(h):

## I.    FEDERAL JURISDICTION

June B. Greiner sued the defendant IRS Agents, Cameron Wall and Jim Daniels, (collectively referred to as the "Agent Defendants") under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) for failing to reasonably announce their presence, authority, or purpose, before they forced their way into her home to serve a documents-only, low risk search warrant, or to obtain her consent to non-forcible entry. Because Ms. Greiner died while the lawsuit was pending, her Estate was substituted as the Plaintiff under Fed. R. Civ. P. 25. This Court therefore has subject matter jurisdiction and personal jurisdiction over the Agent Defendants pursuant to the U.S. Const. Art. III, § 2, and 28 U.S.C. §§ 1331 and 2201.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 1
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

## II.     CLAIMS FOR RELIEF

The Plaintiff will pursue the following claim for relief at trial:

**A.     Violation of the Fourth Amendment of the U.S. Constitution (*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971))**

Ms. Greiner had a right under the Fourth Amendment to the Constitution against the Agents' unreasonable and forced entry of her home to execute a search warrant. The Defendant Agents could force their way into Ms. Greiner's home only *after* they provided her reasonable notice of their presence, authority, and purpose and then provided her a reasonable opportunity to consent to a non-forced entry of her home.

The Estate claims here that the Defendant Agents failed to do either: They did not reasonable identify their presence, authority or purpose nor provide Ms. Greiner a reasonable opportunity to consent to their entry before they resorted to a forced entry.

## III.     PROPOSED NEUTRAL STATEMENT OF THE CASE

Plaintiff proposed the following Neutral Statement of the Case:

*This case involves the execution of a search warrant on December 17, 2013, by Internal Revenue Service Criminal Investigations Special Agents Cameron Wall and James Daniels at the residence of June Greiner, who passed away on May 11, 2020 after this lawsuit was filed. Ms. Greiner's Estate alleges the Agents violated Ms. Greiner's Fourth Amendment rights when they forced entry into her home to execute a search warrant. In particular, the Estate claims the Agents failed to reasonably identify their presence, their authority or purpose, or to try and obtain her knowing consent before they forced entry into Ms. Greiner's home to execute the search warrant.*

*The Agents deny that they violated Ms. Greiner's Fourth Amendment rights or that they acted intentionally. Each Agent also denies that they were responsible for any alleged violation of Ms. Greiner's rights. They also deny Ms. Greiner's claim for damages.*

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 2
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

### IV. UNDISPUTED RELEVANT FACTS

**A.  Summary of Dispute**

This case involves the execution of a search warrant on December 17, 2013 at June Greiner's home by Internal Revenue Special Agents Cameron Wall and James Daniels.

The Plaintiff alleges the Agents violated Ms. Greiner's Fourth Amendment rights when they forced entry into her home to execute a search warrant without reasonably identifying their presence, their authority, or their purpose, or attempting to obtain Greiner's knowing consent to their entry.

The Agents claim otherwise. They contend they properly announced their presence, authority, and purpose and then only forced entry after Ms. Greiner unreasonably refused them access.

**B.  Undisputed Facts**

The IRS was involved in a multi-agency investigation of Jason Hagen. Department of Homeland Security Agent Guy Gino and Internal Revenue Service Agent Scott McGeachy led an investigation into crimes committed by Jason Hagen ("Hagen") involving the "Silk Road" online black Market.

During their investigation, a confidential informant advised the agents that Hagen bragged about owning properties in Vancouver, including a condominium unit he co-owned with an older woman by the name of "June."[1] To assist in their investigation, the agents had a Grand Jury issue several subpoenas, including a subpoena for Ms. Greiner's bank records.[2] The agents also reviewed Clark County's real estate records and found Ms. Greiner owned a condominium rental unit with Hagen

---

[1] Deposition of Guy Gino ("Gino Dep.") 47:25–50:25.
[2] Deposition of Scott McGeachy ("McGeachy Dep.") 52:1–18; 60:11–61:9.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 3
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

1  which they had acquired in 2005 while he was her tenant. This was about 8 years before
2  the agents suspected Hagen was involved in the Silk Road.[3]

3  The agents obtained Ms. Greiner's bank records through the grand jury's
4  subpoena.[4] They also had no reason to suspect Ms. Greiner of any wrongdoing or that
5  she was even aware of Hagen's criminal activities—she was simply an unwitting joint
6  owner of a rental unit that they acquired long before he got involved in Silk Road.

7  Based on their investigation, the Agents obtained a judicial warrant to search
8  Ms. Greiner's home for financial documents related to the rental unit.[5] The Agents
9  knew Ms. Greiner lived alone, was not a suspect, had no weapons, posed no risk to
10 them, and was not likely to destroy evidence – indeed, they identified the search warrant
11 as "very low risk."[6]

12 Agent Wall was charged with the duty to supervise the execution of the Warrant
13 at Ms. Greiner's home.[7] In turn, Agent Wall assigned Agent Daniels the task of being
14 the officer responsible for attempting to obtain Ms. Greiner's consent - the Knock and
15 Announce" agent - because he was the training officer, had the most experience and had
16 a very "strong law enforcement presence."[8]

17 The agents decided to only use IRS agents at Ms. Greiner's home because they
18 were only looking for financial records and she was not a suspect.[9] Wall and Daniels
19 did a Risk Assessment analysis and determined that the search was a "[re]ally low Risk"
20 warrant, which meant there was very little risk to the agents, the occupants, or to the
21 evidence.[10]

---

[3] McGeachy Dep. 62:2–16.
[4] McGeachy Dep. 60:11–61:9.
[5] *Id.*
[6] Deposition of Cameron Wall ("Wall Dep.") 91:14–18; 147:18–20; 104:20–105:10.
[7] Wall Dep. 14:15–19.
[8] Wall Dep. 67:9–69:20.
[9] McGeachy Dep. 94:16–95:11.
[10] Wall Dep. 79:23–80:24; McGeachy Dep. 97:1–98:25.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 4
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

**C.     Agents' version of events.**

At around 8:00 am on December 17, 2013, the nine IRS armed agents arrived at Ms. Greiner's home in SWAT gear. Six (6) of the agents pulled out their guns and lined up in single file on the steps leading to Ms. Greiner's front door. The last Agent in line, Gleason, held a battering ram in case the officers needed to bust down Ms. Greiner's door.

Each of the nine IRS agents claim through nearly identical declarations that Daniels knocked and announced their presence and purpose by stating; "police, warrant open the door." Although they vary on the exact amount of time, each Agent claims Agent Daniels waited for an appropriate period of time before announcing that the "occupant" had refused entry and "called for the ram" to force entry.

The "Ram Agent", Brandon Gleason then ran up the flight of stairs and, after at least two swings, broke the front door down. The officers then came through the broken front door and Agent Daniels claims he apprehended Ms. Greiner just a few feet down the hallway. They then spent several hours executing the search warrant by searching the entirely of Ms. Greiner's home.

**D.     Ms. Greiner's version.**

Ms. Greiner has a different account of the events:[11]

At around 8:00 a.m. on Thursday, December 17, 2013, Ms. Greiner was enjoying coffee at her kitchen table. Ms. Greiner's kitchen is adjacent to the hallway leading to her front door. Her kitchen is near the front door, and her kitchen table is within about 31 feet of the front door and she has routines answered the door to those who knock or ring her doorbell—in other words, she was not aware of any problems with missed caller to her home.

---

[11] Ms. Greiner's version of events is drawn primarily from her Second Amended Complaint, Dkt. #99.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 5
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3

LANDERHOLM

805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

While enjoying her coffee, Ms. Greiner was suddenly startled by what sounded like a large rock hitting the side of her house. She quickly jumped-up and ran to the front entryway to investigate. It took less than seven (7) seconds for her to run from her kitchen table to the front door (approximately 31 feet) to investigate the source of the loud noise.

As she approached her front door, Ms. Greiner saw several large men "huddled" around her front door as though they were trying to break in. Ms. Greiner could also hear multiple voices "mumbling" amongst themselves. After a brief moment, and believing she was the victim of a home invasion robbery, Ms. Greiner turned and ran back to the kitchen to call 911.

But as soon as she turned to run back down the hallway, Ms. Greiner heard the front door crash-in. Ms. Greiner got to her kitchen table and dialed 911 before a large officer grabbed her and hung-up the phone.

Other than the one loud bang, Ms. Greiner heard no knocks at her front door. She also denies anyone ever announced that they were the police, that they had a search warrant, or that they wanted her to open the door. She did not observe any badges or other indications that the people outside her door were police officers. And the only voices she heard were the multiple voices mumbling outside her front door as though they were trying to figure out how to bust down the door. While she saw several bodies huddled around her front door, Ms. Greiner never heard anyone identify themselves as police, that they were there to search her house pursuant to a warrant or that they wanted her to consent to their entry. She also denies Agent Daniels grabbed her in the hallway; she clearly made it to the phone in her kitchen before she was apprehended by Agent Wall. She also recalls spending nearly three hours searching every inch of her residence while she was required to sit and watch from her kitchen table.[12]

---

[12] Wall Dep. 178:20–25; Wall Dep. 20:20–22. Deposition of Ken Johnson 112:1–113:7.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 6
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

## V.     ISSUES OF LAW

### A.     Failure to Knock and Announce.

Absent exigent circumstances, officers entering a dwelling pursuant to a search warrant must first make their presence known, identity themselves as law enforcement and their purpose for being present, and then afford the occupant a reasonable opportunity to consent to a non-forcible entry of the residence. Often coined the "knock and announce" rule, these requirements are designed to protect individuals from intrusion of their Fourth Amendment rights to be safe and secure in their homes.

A plaintiff may bring a *Bivens* action against individual officers who violate their Fourth Amendment rights. The jury must determine if the Agent Defendants gave reasonable notice of their presence, authority, and purpose and provided Ms. Greiner a reasonable opportunity to consent to their entry before they resorted to a forced entry.

## VI.     WITNESSES

Plaintiff anticipates calling the following witnesses during Plaintiff's case-in-chief. Plaintiff reserves the right to supplement its witness list at trial for purposes of rebuttal or impeachment, in addition to the reservations indicated below.

1.     June B. Greiner, through her videotaped and perpetuated deposition, will testify to her memory of the events surrounding the search warrants and the subject matter of this case, including without limitation, her relationship with Hagen, her recollection of the events that took place during the Defendant Agents' execution of the search warrant, and the damages she suffered as a result.

2.     Kim Afflerbach, Ms. Greiner's daughter, 701 Coastline Dr, Seal Beach, CA 90740, will mostly testify about her mother and the impacts the incident had on her mother's mental health.

3.     Plaintiff Kirk Greiner, 11168 SW 117th Terrace, Tigard, OR 97223, will testify about his mother and the impacts the incident had on his mother's mental health.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 7
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

4.     Dr. Victoria Thoreson, 800 Officer's Row, Suite 800B, Fort Vancouver, WA 98661, will testify as an expert as to the topics discussed in her February 8, 2016, report, including without limitation, the psychological impacts Plaintiff suffered as a result of the incident.

5.     Sue Peters, P.O. Box 518, Davenport, WA 99122, will testify as an expert as to the Agents' training, plans and practices and whether the Agents conduct in executing the search warrant was appropriate and reasonably designed to accomplish the purposes of "knock and announce."

6.     Defendant Cameron Wall, c/o Kristin B. Johnson, U.S. Department of Justice, 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, will testify as to the subject matter of the case, including without limitation, the circumstances relating to the IRS's investigation of Hagen, the IRS's policies with regards to search warrants, and the circumstances relating to the IRS's obtaining and execution of the search warrant at Ms. Greiner's home.

7.     Defendant Jim Daniels, c/o Kristin B. Johnson, U.S. Department of Justice, 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, will testify as to the subject matter of the case, including without limitation, the circumstances relating to the IRS's investigation of Hagen, the IRS's policies with regards to search warrants, and the circumstances relating to the IRS's obtaining and execution of the search warrant at Ms. Greiner's home.

While it does not plan to call these witnesses in its case-in-chief, the Estate reserves the right to call the following in rebuttal.

8.     Ken Johnson, c/o Kristin B. Johnson, U.S. Department of Justice, 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, as to the execution of the search warrant at Ms. Greiner's home.

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 8
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

9. Kathy Fearn, c/o Kristin B. Johnson, U.S. Department of Justice, 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, as to the execution of the search warrant at Ms. Greiner's home.

10. Brandon Gleason, c/o Kristin B. Johnson, U.S. Department of Justice, 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271 as to the execution of the search warrant at Ms. Greiner's home.

11. Christopher Mar, c/o Kristin B. Johnson, U.S. Department of Justice, 700 Stewart Street, Suite 5220, Seattle, WA 98101-1271, as to the execution of the search warrant at Ms. Greiner's home.

### VII.    LIST OF EXHIBITS

Plaintiff intends to present exhibits in electronic format to jurors. Plaintiff reserves the right to supplement its Exhibit list at trial for purposes of rebuttal or impeachment, in addition to the reservations indicated below.

| PLAINTIFF'S EXHIBITS | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1 | Photographs of Plaintiff's front door GREINER_000168-176 *Depo. June Greiner, Ex. 1* | | | | |
| 2 | Invoice from John W. Barnes, The Property Doctor GREINER_0000002 *Depo. June Greiner, Ex. 2* | | | | |
| 3 | Estimate from Hanson Construction Company, Inc. GREINER_000003-4 *Depo. June Greiner,* | | | | |

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 9
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

| | | | | | | |
|---|---|---|---|---|---|---|
| | | *Ex. 3* | | | | |
| | 4 | Greiner house plans<br>*Depo. June Greiner, Ex. 4* | | | | |
| | 5 | Exterior photos of Plaintiff's home<br>*Depo. June Greiner, Ex. 5* | | | | |
| | 6 | Photos of Plaintiff's driveway<br>*Depo. June Greiner, Ex. 6* | | | | |
| | 7 | Exterior photos of Plaintiff's entryway<br>*Depo. June Greiner, Ex. 7* | | | | |
| | 8 | Interior photos of Plaintiff's front door<br>*Depo. June Greiner, Ex. 8* | | | | |
| | 9 | Interior photos of Plaintiff's front door<br>*Depo. June Greiner, Ex. 9* | | | | |
| | 10 | Interior photos of Plaintiff's hallway<br>*Depo. June Greiner, Ex. 10* | | | | |
| | 11 | Photos of Plaintiff at breakfast nook table<br>*Depo. June Greiner, Ex. 11* | | | | |
| | 12 | Photos of Plaintiff's office space<br>*Depo. June Greiner, Ex. 12* | | | | |
| | 13 | Photo of Plaintiff's safe<br>*Depo. June Greiner, Ex. 13* | | | | |
| | 14 | Panoramic photos of Plaintiff's home (interior)<br>*Depo. June Greiner,* | | | | |

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 10
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

|    |                                                                                         |  |  |  |  |
|----|-----------------------------------------------------------------------------------------|--|--|--|--|
|    | *Ex. 14*                                                                                |  |  |  |  |
| 15 | Photos of Plaintiff's door bell  *Depo. June Greiner, Ex. 15*                           |  |  |  |  |
| 16 | Video simulating a knock an announce at Plaintiff's front door  *Depo. June Greiner, Ex. 16* |  |  |  |  |
| 17 | Photos of Plaintiff's Home USA000835-USA00836, and USA00838                             |  |  |  |  |
| 18 | Victoria Thoreson, Psy.D. Curriculum Vitae                                              |  |  |  |  |
| 19 | IRS Internal Revenue Manual – Part 9  Depo. Cameron Wall, Ex. 2                         |  |  |  |  |
| 20 | Lesson 28 – Search Warrants – Student Text USA000762-USA000797                          |  |  |  |  |
| 21 | E-Mail dated December 11, 2013, with Enforcement Action Review Form USAO003215-USAO003225 |  |  |  |  |
| 22 | Enforcement Action Review Form USA001168-USA001173                                      |  |  |  |  |
| 23 | Risk Assessment Guide USA001174-USA001175                                               |  |  |  |  |

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 11
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



LANDERHOLM

805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA  98666
T: 360-696-3312 • F: 360-696-2122

| # | Description | | | | |
|---|---|---|---|---|---|
| 24 | Search Warrant Plan USA0001212-USA001255 | | | | |
| 25 | E-Mail dated December 12, 2013, with Personnel Assignments USA003210-USA003212 | | | | |
| 26 | Application for a Search Warrant USA003376-USA003472 | | | | |
| 27 | Search and Seizure Warrant USA000001-USA000007 | | | | |
| 28 | IRS Memorandum of Interview - Wall USA001256-USA001257 | | | | |
| 29 | IRS Memorandum of Interview - Fearn USA001258-USA001261 | | | | |
| 30 | Inventory Listing of All Items Seized at Search Warrant Site Depo. Cameron Wall, Ex. 9 | | | | |
| 31 | E-Mail dated December 17, 2013 USAO003116 (also USA002994) | | | | |
| 32 | CRESA Incident Drill-down GREINER_000177 | | | | |
| 33 | Physical Evidence: Broken piece of Plaintiff's front door | | | | |

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 12
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3



805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122

### VIII. LIST OF DEPOSITION EXCERPTS

Ms. Greiner is deceased and is unable to testify at trial. Plaintiff offers Ms. Greiner's October 4, 2019 perpetuation deposition.

### IX. PLAINTIFF RESERVES RIGHT TO AMEND/ SUPPLEMENT AT TRIAL

Plaintiff reserves the right to amend and/or supplement all information provided in this Pretrial Statement, either prior to or during the time of trial. Plaintiff's disclosures in this Pretrial Statement are based on Plaintiff's knowledge at the time of filing. Discovery remains ongoing, however, and witnesses, legal issues, factual matters and claims are subject to amendment, replacement and/or change.

DATED this 16th day of November, 2021.

LANDERHOLM, P.S.

/s/ Bradley W. Andersen
BRADLEY W. ANDERSEN, WSBA #20640
805 Broadway Street, Suite 1000
Vancouver, WA 98666
(360) 696-3312
Attorney for Plaintiff

PLAINTIFF'S AMENDED PRETRIAL STATEMENT - 13
Case No. 3:14-cv-05579-RBL
GREG04-000005- 5638051v3

LANDERHOLM
805 Broadway Street, Suite 1000
PO Box 1086
Vancouver, WA 98666
T: 360-696-3312 • F: 360-696-2122